IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED

United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 20-1766 DHU |
| | ) | Cr. No. 22-0864 DHU |
| THOMAS CROSBY, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the Defendant,

Thomas Crosby, and the Defendant's counsel, Hans Erickson:

## REPRESENTATION BY COUNSEL

1.      The Defendant understands the Defendant's right to be represented by an attorney

and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the

Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.      The Defendant further understands the Defendant's rights:

      a.      to be prosecuted by indictment;

      b.      to plead not guilty, or having already so pleaded, to persist in that plea;

      c.      to have a trial by jury; and

      d.      at a trial:

            i.      to confront and cross-examine adverse witnesses,

  ii.  to be protected from compelled self-incrimination,

  iii.  to testify and present evidence on the Defendant's own behalf, and

  iv.  to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.  The Defendant agrees to waive these rights and to plead guilty to the following:

  a.  The sole count of the indictment in Cause No. 20-CR-1766 DHU, filed in the United States District Court for the District of New Mexico, charging a violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2256, that being Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct.

  b.  Pursuant to Federal Rule of Criminal Procedure 20, Defendant agrees to plead guilty to the sole count of the indictment in Cause No. 22-CR-864 DHU, originally charged in Cause No. 22-13 in the United States District Court for the Western District of Pennsylvania, charging a violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), that being Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct.

## SENTENCING

4.  The Defendant understands that the maximum penalty provided by law for each offense is:

  a.  imprisonment for a period of not more than ten (10) years, unless any image of child pornography involved a prepubescent minor or a minor who had not attained 12 years of age, then imprisonment for a period of not more than twenty (20) years.   Pursuant to 18 U.S.C. § 2252A(b)(2), if the Defendant has

a prior conviction under Chapter 71, Chapter 109A, Chapter 110, or Chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the minimum and maximum penalty is imprisonment for a period of not less than ten (10) years and not more than twenty (20) years;

b.      a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

c.      a term of supervised release of not less than five years to life to follow any term of imprisonment.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.      a mandatory special penalty assessment of $100.00, per count, pursuant to 18 U.S.C. § 3013; and

Cause No. 22-CR-864 DHU (D.N.M.) / 22-13 (W.D. Pa.):

e.      an assessment of $5,000, per count, pursuant to 18 U.S.C. § 3014, to the extent this statute is in effect on the date of sentencing, and Defendant is deemed to be "non-indigent" by the Court;

f.      an assessment, pursuant to 18 U.S.C. § 2259A, per count, of no more than:

    i.   $17,000.00 if convicted of 18 U.S.C. §§ 2252(a)(4) or 2252A(a)(5);

    ii.   $35,000.00 if convicted of an offense for trafficking in child pornography as defined by § 2259(c)(3), which includes offenses under 18 U.S.C. §§ 2251(d), 2252(a)(1) through (3), § 2252A(a)(1) through (4), § 2252A(g) (in cases in which the series of felony violations exclusively involves violations of §§ 2251(d), 2252, 2252A(a)(1) through (5), or § 2260(b)), or § 2260(b);

    iii.   $50,000.00 if convicted of a child pornography production offense as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. §§ 2251(a) through (c), § 2251A, § 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), § 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in § 2256).

g.    mandatory restitution, pursuant to 18 U.S.C. § 2259(b)(2), that is not less than $3,000.00 per victim.

<u>Cause No. 20-CR-1766 DHU (D.N.M.)</u>

h.    mandatory restitution pursuant to 18 U.S.C. § 2259.

5.    The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

## **ELEMENTS OF THE OFFENSE**

6.      If this matter proceeded to trial, the Defendant understands that the United States

would be required to prove, beyond a reasonable doubt, the following elements for violations of

the charges listed below:

Cause No. 20-CR-1766 DHU (D.N.M.), 18 U.S.C. § 2252A(a)(5)(B), (b)(2), and 2256:

| *First*: | The Defendant knowingly possessed any material containing an image of child pornography (defined in 18 U.S.C. § 2256(8)(A) as any visual depiction of sexually explicit conduct, where the production of such visual depiction involves the use of a prepubescent minor engaging in sexually explicit conduct); |
|---|---|
| *Second*: | That the child pornography had been either:<br>(a) mailed; or<br>(b) shipped or transported using any means or facility of interstate or foreign commerce; or<br>(c) shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or<br>(d) was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer. |

Cause No. 22-CR-864 DHU (D.N.M.) / 22-13 (W.D. Pa.), 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2):

| *First*: | The Defendant knowingly possessed any visual depiction of a minor engaged in sexually explicit conduct; and |
|---|---|
| *Second*: | Such visual depiction:<br>(a) had been mailed; and/or<br>(b) has been shipped or transported using any means or facility of interstate or foreign commerce; and/or<br>(c) has been shipped or transported in or affecting interstate or foreign commerce; and/or<br>(d) was produced using materials which have been mailed or shipped or transported using any means or facility of interstate or foreign commerce, including by computer; and |
| *Third*: | The production of the visual depiction involved the use of a |

5

prepubescent minor engaging in sexually explicit conduct; and

*Fourth*:          The visual depiction was of such conduct.

## **DEFENDANT'S ADMISSION OF FACTS**

7.          By my signature on this plea agreement, I am acknowledging that I am pleading

guilty because I am, in fact, guilty of the offenses to which I am pleading guilty.   I recognize

and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge

that if I chose to go to trial instead of entering this plea, the United States could prove facts

sufficient to establish my guilt of the offenses to which I am pleading guilty beyond a reasonable

doubt, including any facts alleged in the indictments that increase the statutory minimum or

maximum penalties.   I specifically admit the following facts related to the charges against me,

and declare under penalty of perjury that all of these facts are true and correct:

     **a.   In 2018 I was stationed at Cannon Air Force Base in New Mexico.**

     **b.   In June 2018, PayPal flagged an account registered to me for purchasing suspected child pornography.**

     **c.   In July 2018, Dropbox submitted a CyberTipline Report to the National Center for Missing and Exploited Children (NCMEC) that my account, registered through my email address "boopboopins@gmail.com," had uploaded four video files of suspected child pornography.**

     **d.   The IP addresses associated with these accounts were linked to my home in Clovis, New Mexico.**

     **e.   Law enforcement officers executed a federal search warrant at my residence on November 14, 2018. My electronic devices were seized during the search.**

     **f.   On November 14, 2018, I was interviewed by agents from the Air Force Office of Special Investigations and the Federal Bureau of Investigation (FBI). After being advised of my rights, I agreed to speak to the agents. I admitted to downloading and viewing child pornography. I also drafted a written statement, explaining how I would download and view child pornography using my computer.**

6

g.   **The New Mexico Regional Computer Forensics Laboratory conducted an examination of my electronic devices. These items included flash drives, a desktop computer, external hard drives, gaming consoles, Rasberry PI mini computers, and two Samsung phones.**

h.   **Forensic analysis of my electronic devices found over 4,000 files of minors, including prepubescent minors, engaged in sexually explicit conduct, which is child pornography. The images and videos were submitted to NCMEC, returning forty-six video files and 291 image files depicting previously identified minors engaging in sexually explicit conduct.**

i.   **I was administratively separated from the Air Force on June 6, 2019. I remained in New Mexico for a period of time and then returned home to Irwin, Pennsylvania.**

j.   **On October 16, I was arrested by the FBI at my place of employment in Monroeville, Pennsylvania pursuant to the federal indictment filed in New Mexico related to the search of my residence on November 14, 2018. While being transported by an FBI agent, I was provided my *Miranda* rights and agreed to speak with the agent. I informed the agent that I continued downloading child pornography after leaving New Mexico.**

k.   **On the same date, October 16, 2020, the FBI in Pennsylvania executed a search warrant at my home and seized my electronic devices. Pursuant to the search warrant, the FBI forensically examined my devices, finding approximately forty-six images and 166 videos of minors engaged in sexually explicit conduct, which is child pornography. The videos included a video of a prepubescent child, approximately three years old, being vaginally penetrated.**

l.   **I agree that the child pornography material I possessed in both cases was located on devices that had been mailed, shipped, or transported in interstate or foreign commerce. That is, I do not dispute that the devices containing the child pornography were not manufactured in New Mexico or Pennsylvania, and therefore had crossed state or foreign lines before my possession of those devices in New Mexico and Pennsylvania.**

8.      By signing this agreement, the Defendant admits that there is a factual basis for each element of the crimes to which the Defendant is pleading guilty.   The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to

determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## **RECOMMENDATIONS**

9.      Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

    a.      As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.   Consequently, pursuant to USSG § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to USSG § 3E1.1(b).   Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing.   Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

    b.      The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report.   Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence.   If the Court does not

accept any one or more of the above recommendations and reaches an

advisory guideline sentence different than expected by the Defendant, or if the

Court varies from the advisory guideline range, the Defendant will not seek to

withdraw the Defendant's plea of guilty.   In other words, regardless of any of

the parties' recommendations, the Defendant's final sentence is solely within

the discretion of the Court.

10.     Apart from the recommendations set forth in this plea agreement, the United

States and the Defendant reserve their rights to assert any position or argument with respect to

the sentence to be imposed, including but not limited to the applicability of particular sentencing

guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the

application of factors in 18 U.S.C. § 3553(a).

11.     Regardless of any other provision in this agreement, the United States reserves the

right to provide to the United States Pretrial Services and Probation Office and to the Court any

information the United States believes may be helpful to the Court, including but not limited to

information about the recommendations contained in this agreement and any relevant conduct

under USSG § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

12.     The Defendant understands the Defendant's obligation to provide the United

States Pretrial Services and Probation Office with truthful, accurate, and complete information.

The Defendant represents that the Defendant has complied with and will continue to comply with

this obligation.

13.     The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14.     The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

15.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.   Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

16.     By signing this plea agreement, the Defendant knowingly and voluntarily waives any rights and defenses the Defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to imposition of special or other assessments.

**RESTITUTION**

17.     For Defendant's offense in Cause No. 20-1766 DHU (D.N.M.), the parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. §§ 3663A(a) and (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259.   The Defendant agrees to make full restitution to all minor victims of his offense(s) as to all counts charged, whether or not the Defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement.   Further, the Defendant agrees to pay restitution to any minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct.   The Defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the Defendant, including any contact sexual offense.   Further, pursuant to 18 U.S.C. § 3664(d)(5), the Defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing. The Defendant agrees to pay restitution in the amount of $2,000, per victim, who may be identified and request restitution prior to sentencing, which is payable to the United States District Court Clerk.   Any victims who refuse to accept the $2000 amount per victim may make a request to litigate the issue of restitution prior to sentencing.

18.     For Defendant's offense in Cause No. 22-13 (W.D. Pa.) / 22-CR-0864 DHU (D.N.M.), the parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) and (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259.   The Defendant agrees to make full restitution to all minor victims of his offense(s) as to all counts charged, whether or not the Defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to

this agreement.   Further, the Defendant agrees to pay restitution to any minor victims, for the

entire scope of his criminal conduct, including but not limited to all matters included as relevant

conduct.   The Defendant acknowledges and agrees that this criminal conduct (or relevant

conduct) includes any minor victim of any child pornography offenses, charged or uncharged,

under Chapter 110, United States Code, and any minor victim of any violation of federal and/or

state law committed by the Defendant, including any contact sexual offense.   Further, pursuant

to 18 U.S.C. § 3664(d)(5), the Defendant agrees not to oppose bifurcation of the sentencing

hearing if the victims' losses are not ascertainable prior to sentencing. The Defendant agrees to

pay restitution in the amount of $3,000, per victim, who may be identified and request restitution

prior to sentencing, which is payable to the United States District Court Clerk.   Any victim who

refuses to accept this amount may request to litigate their claims of restitution prior to

sentencing.

19.     If the number of victims results in a total restitution amount exceeding $20,000,

neither party shall be bound by paragraphs 17-19 of this agreement, and the restitution amount

may be litigated or renegotiated.

20.     No later than July 1 of each year after sentencing, until restitution is paid in full,

the Defendant shall provide the Asset Recovery Unit, United States Attorney's Office, P.O. Box

607, Albuquerque, New Mexico 87103, (1) a completed and signed financial statement provided

to the Defendant by the United States Attorney's Office and/or the United States Probation

Office and (2) a copy of the Defendant's most recent tax returns.

## **FORFEITURE**

21.     The Defendant agrees to forfeit, and hereby forfeits, whatever interest the

Defendant may have in any asset derived from or used in the commission of the offense(s) in this

case.   The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets.   The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

22.     The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

     a.     One 32GB USB flash drive, Cruzer Glide (black and red), Electronic Serial Number: 200426057308F1E3;

     b.     One 128 GB USB flash drive, Dane (blue), Electronic Serial Number: 0572116C;

     c.     One Hewlett Packard desktop computer, model I 10-243w, Serial Number: 4C142110Q1 containing one internal 100GB SATA hard drive identified as Seagate Barracuda, model: ST1000M003, Serial Number: ZIDBZSRX;

     d.     One Samsung Galaxy, Model S6, SM-G920V, FCCID: A3LSMG920VSMG920V2WA, IMEI: 990007040358241; and

     e.     One Samsung Galaxy, Model A50, SM-S506DL, Serial Number: R58M935AHWX, IMEI: 357857100232851.

23.     The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

24.     The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

25.     The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property.   The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## SEX OFFENDER REGISTRATION AND NOTIFICATION

26.     The Defendant understands that by pleading guilty, the Defendant will be required to register as a sex offender upon the Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).   The Defendant also understands that independent of supervised release, the Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the Defendant's life.   The Defendant understands that the Defendant shall keep the Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to the Defendant's name, place of residence, employment, or student status, or other relevant information within three business days after such change.   The Defendant shall comply with requirements to periodically verify in person the Defendant's sex offender registration information.   The Defendant understands that the Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.   If the Defendant resides in New Mexico following release from prison, the Defendant will be subject to the registration requirements of N.M. Stat. Ann. §§ 29-11A-1 to 10.   The Defendant

further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the Defendant's release from confinement following conviction.

27.     As a condition of supervised release, the Defendant shall initially register with the state sex offender registration in New Mexico, and shall also register with the state sex offender registration agency in any state where the Defendant resides, is employed, works, or is a student, as directed by the Probation Officer.   The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the Defendant's registration information.   The Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## WAIVER OF APPEAL RIGHTS

28.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, within the statutory maximum authorized by law, as well as any order of restitution entered by the Court.   The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range. The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).   In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

29.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

      a.     As to each cause, the United States will recommend a term of imprisonment at the low-end of the United States Sentencing Commission's Guideline Range, as calculated by the Court.

      b.     The United States will recommend that the sentences for both cases run concurrently.

      c.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

30.     This agreement is limited to the United States Attorneys' Offices for the District of New Mexico and the Western District of Pennsylvania and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

31.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda).   There have been no promises from anyone as to what sentence the Court will impose.   The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

32.     The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any

crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

33.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $200.00 in payment of the special penalty assessment described above.

## ADDITIONAL ASSESSMENT(S)

34.     Cause No. 22-13 (W.D. Pa.) / 22-CR-0864 DHU (D.N.M.) and Cause No. 20-1766 DHU: Pursuant to 18 U.S.C. § 3014, to the extent this statute is in effect on the date of sentencing, if the Defendant is found to be non-indigent, the Defendant will also tender to the United States District Court, a money order or certified check payable to the order of the United States District Court in the amount of $5,000, per relevant count of conviction.

35.     Cause No. 22-13 (W.D. Pa.) / 22-CR-0864 DHU (D.N.M.): The parties agree that the United States will request the Court to order the Defendant to pay an assessment of up to $17,000 per relevant count of conviction.   Any assessment imposed shall be paid to the United States District Court by money order or certified check payable to the order of the United States District Court.

## ENTIRETY OF AGREEMENT

36.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.   This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this  12th day of September, 2022.

ALEXANDER M.M. UBALLEZ
United States Attorney


_____
Nicholas Mote
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274


I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.   In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty.   To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.


_____
Hans Erickson
Attorney for the Defendant


I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.


_____
Thomas Crosby
Defendant